**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

Guernsey's, a division of
Barlan Ltd.

   Plaintiff

vs.             Case No. CV-

Museo De La Moda      December 9, 2010

   Defendant

## COMPLAINT

### A. Parties

1. The Plaintiff is a corporation incorporated under laws of the State of New York with its principal place of business in New York.

2. The Defendant is an entity organized under the laws of Chile with its principal place of business in Santiago, Chile.

### B. Jurisdiction

3. The amount in controversy, without interest and costs, exceeds the sum or value specified in 28 USC, Section 1332.

### C. Nature of Case

4. The Plaintiff is an auction house known for their presentation of extraordinary properties.

5. Prior to September 15, 2010, the Plaintiff had scheduled an auction which included the Princess Diana Swan Lake Suite, which included the Lady Diana pearl and diamond necklace and earrings which was presented under the lot #65.

6. This auction was advertised and scheduled to take place on September 24, 2010 under the sale of "Iconic Objects and documents".

7. On or about September 15, 2010, Nathalie Hatala, the person in charge of collection and acquisitions for the Defendant, Museo De La Moda, and the person who routinely handled the affairs of Defendant Museo De La Moda with Plaintiff, offered $1,500,000,00 as private treaty for the Lady Diana pearl and diamond necklace and earrings as set forth in paragraph 5 above.

8. Payment arrangements were made for wire transfer of said funds and as a result, the Plaintiff pulled this lot off the auction block.

9. Despite numerous requests of the Plaintiff to have the funds prior to the auction, or at least a portion of said funds prior to the auction, the Defendant, despite numerous requests, failed to send funds but continuously confirmed that payment would be forthcoming.

10. On September 22, 2010, the Plaintiff called the Defendant to determine when the funds would be forthcoming, and only then did the Defendant state thru its attorney that the Defendant would not forward the sums.

11. As a result of the offer by the Defendant and the acceptance of said offer by the Plaintiff, said jewels were pulled from the auction despite the fact that other buyers were interested in said jewels.

12. Prior to the auction, articles of the sale appeared in numerous important periodicals including the New York Times and a flood of inquiries had resulted as a result of said article and media attention. The Plaintiff informed all of the interested parties that the jewels were sold. The Plaintiff then informed all periodicals that any subsequent articles about the event or the jewels should state that the jewels were sold.

13. As a result of the actions of the Defendant withdrawing said offer, other buyers became suspicious and did not wish to see said jewels. Finally, the Plaintiff to mitigate damages, sold the said jewels for $900,000.00.

14. As a result of the breach of contract by the Defendant, the Plaintiff has been harmed in its loss of the difference in the sales price of $600,000.00.

WHEREFORE, Plaintiff demands Judgment against the Defendant for $600,000.00 plus interest and costs.

PLAINTIFF

By *[signature: Gary J. Greene]*
Gary J. Greene, Esq.
Greene Law, PC
11 Talcott Notch Road
Farmington, CT 06032
Fed. Bar No. CT09039
Ph: (860) 676-1336
Fax: (860) 676-2250